UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PEGGY BAPTISTE,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No: 5:13-CV-71-Oc-22PRL**

**THE CENTERS, INC.**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Quash Subpoenas to Non-Parties or, in the Alternative, Motion for Protective Order and for Interim Order Pending Ruling. (Doc. 20). Defendant filed a response in opposition. (Doc. 22). For the reasons discussed below, Plaintiff's motion is due to be denied.

### I.   BACKGROUND

This case arises out of Plaintiff's claim that she was discriminated against and subsequently terminated by Defendant on the basis of sex, including pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. §§2000e *et seq*. Plaintiff seeks relief in the form of compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury; back pay; front pay; punitive damages; attorney's fees and costs; and injunctive relief.

Defendant denies that it discriminated against Plaintiff and, instead, claims that Plaintiff's job performance was deficient from the inception of her employment. Specifically, Defendant claims that Plaintiff was placed on probation and ultimately terminated because she failed to sufficiently document the charts of her substance abuse clients.

- 2 -

On May 1, 2013, Defendant served Plaintiff with a Notice of its intent to serve subpoenas duces tecum on three of Plaintiff's former employers – Congregation Beth Elohim, Managed Healthcare Systems of New York, Inc.; Shands Vista Hospital; and Holliswood Hospital -- and her former college, New York City College of Technology.  (Doc. 20-1)  On May 8, 2013, Plaintiff filed the instant motion requesting that the Court either quash the subpoenas or enter a protective order.[1]

After reviewing the motion and Defendant's response thereto (Doc. 22), the Court directed the parties to "confer in a good faith effort to resolve the issues raised by the motion" and advise the Court what, if any, issues remain to be resolved by the Court. (Doc. 24).  Despite, what appears to be very limited communication between counsel, the parties were able to narrow the issues in dispute.  Defendant has abandoned the subpoena to Plaintiff's former college and narrowed the scope of documents sought from Plaintiff's former employers to: (1) documents related to Plaintiff's performance or performance evaluations (annual or otherwise); (2) documents related to any disciplinary actions or performance improvement plans regarding [P]laintiff; (3) documents related to Plaintiff's termination of employment whether voluntary or involuntary; and (4) documents related to complaints of discrimination by Plaintiff.[2]

## II.     DISCUSSION

Plaintiff asks the Court to either quash the subpoenas under Federal Rule of Civil Procedure 45 or enter a protective order under Federal Rule of Civil Procedure 26.  Plaintiff contends that Defendant is seeking to discover evidence that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence and that Defendant is embarking on an

---

[1] On May 9, 2013, the Court entered an interim order directing Defendant not to serve the subpoenas until such time as the Court has ruled on Plaintiff's Motion.  (Doc. 21).
[2] Defense counsel states in a letter attached to the motion that Plaintiff will not "object to Defendant's attempt to discover documents regarding any training Plaintiff received."  Doc. 25 at 8.

unlawful fishing expedition. Defendant, on the other hand, claims that the employment records are relevant to the claims and defenses raised in the case.

An individual generally does not have standing to challenge a subpoena served on a third party unless that individual has a personal right or privilege with respect to the subject matter of the subpoena. See *Barrington v. Mortgage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, *1 (S.D.Fla. Dec. 10, 2007); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). Here, Plaintiff asserts – and Defendant does not argue otherwise -- that she has standing because she has a privacy right with respect to information contained in her employment records.

The Court, however, need not decide whether Plaintiff has standing under Rule 45 because she clearly has standing under Rule 26 to seek a protective order. S*ee Maxwell v. Health Center of Lake City, Inc*., No. 3:05-cv-1056-J-32MCR, 2006 WL 1627020 (M.D.Fla. June 6, 2006)(not deciding whether plaintiff had standing under Rule 45 because she had standing under Rule 26); *Brady v. Central Indiana Regional Blood Center, Inc.*, No. 1:99-MC-19, 1999 WL 33912610, 1-2 (N.D.Ind. Oct. 6, 1999)(assumed standing and then concluded that Plaintiff's objections to subpoenas failed because information sought was relevant and likely admissible). Moreover, even assuming Plaintiff has standing, the Court concludes that the requested information is discoverable.

The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26. *See Barrington v. Mortgage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, *3 (S.D.Fla. Dec. 10, 2007). Rule 26(b) permits discovery of "any non-privileged information relevant to any claim or defense." Relevance, for purposes of discovery, does not hinge on admissibility at trial and is "construed broadly to encompass any matter that bears on, or that

reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

Here, Defendant claims that the employment records regarding Plaintiff's performance are relevant and discoverable because they bear upon its defense that Plaintiff was terminated by Defendant for non-discriminatory reasons – i.e., her performance was deficient.  The parties have cited cases in which courts have found such documents discoverable, *see, e.g., Levitin v. Nationwide Mutual Insur. Co.*, No. 2:12-cv-34, 2012 WL 6552814, at *3 (S.D. Ohio Dec. 14, 2012); *Stewart v. Orion Fed. Credit Union*, 285 F.R.D. 395, 398-99 (W.D. Tenn. 2012), and other cases in which courts have reached the opposite conclusion, *see, e.g., Liles v. Weitzman, LLC*, No. 09-61448-CIV, 2010 WL 1839229, at *3 (S.D. Fla. May 6, 2010); *Chamberlain v. Farmington Savings Bank*, No. No. 3:06CV01437, 2007 WL 2786421, at *1 (D.Conn. Sept. 25, 2007).[3]  Although the Court has questions about the ultimate admissibility of evidence related to Plaintiff's past job performance, the undersigned concludes, after reviewing the cases cited by the parties and the papers in this case, and in light of the broad scope of discovery, that the performance records are discoverable.  As the *Levitin* Court explained, "records reflecting Plaintiff's performance reviews, evaluations, complaints, and reasons for termination . . . could bear on or could reasonably lead to other matters that could bear on the credibility of Plaintiff's allegations relating to [her] performance, [her] qualifications, and the legitimacy of Defendant's proffered bases for the performance ratings it assigned to Plaintiff." *Levitin*, 2012 WL 6552814, at *3.

The information sought by the subpoenas is also relevant because Plaintiff claims that as a result of Defendant's alleged discriminatory acts, she has suffered "emotional pain, suffering,

---

[3] See cases cited at pages 8-10 of Plaintiff's Motion (Doc. 20) and pages 6-8 of Defendant's response (Doc. 22)

- 5 -

mental anguish, loss of enjoyment of life, and dignitary injury." (Doc. 2 at ¶21). "[Plaintiff's] emotional behavior prior to the incident that is the subject of the present case could scarcely be more pertinent, and [her] personnel files at [her] prior employers are reasonably likely to lead to the discovery of admissible evidence." *Jackson v. Parker*, 2008 WL 4844747, at *2 (N.D.Ill. Nov. 7, 2008). Likewise, information regarding any prior complaints of discrimination by Plaintiff could bear on her credibility in this discrimination case. *See Valentine v. Remke Markets, Inc.,* No. 1:10-cv-922, 2012 WL 893880, at *3 (S.D.Ohio March 15, 2012); *Jackson*, 2008 WL 4844747, at *2.

For these reasons, the undersigned finds that the requested documents are relevant and discoverable. As discussed above, the scope of the requested information has been significantly narrowed by the parties, and thus, Plaintiff's concerns about over breadth have been addressed. Moreover, a carefully drafted protective order can minimize any privacy concerns raised by production of these employment records. The Court is expressing no opinion on the ultimate admissibility of any documents produced pursuant to the subpoenas.

Accordingly, Plaintiff's Motion to Quash Subpoenas to Non-Parties or, in the Alternative, Motion for Protective Order (Doc. 20) is **DENIED**. Defendant may serve subpoenas duces tecum consistent with this Order on Congregation Beth Elohim, Managed Healthcare Systems of New York, Inc.; Shands Vista Hospital; and Holliswood Hospital. Plaintiff's Renewed Motion for Leave to File a Reply (Doc. 26) is **DENIED** as moot.

**DONE** and **ORDERED** in Ocala, Florida on June 21, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties